IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL J. PASQUALE, § 
　 § No. 697, 2013
　Defendant Below, §
　Appellant, § Court Below—Superior Court
　 § the State of Delaware in and for
　v. § New Castle County
　 §
STATE OF DELAWARE, §
　 §
　Plaintiff Below, § Cr. ID No. 1012012086
　Appellee. §

Submitted: September 19, 2014
Decided: September 22, 2014

Before **HOLLAND**, **RIDGELY and VALIHURA**, Justices.

**O R D E R**

This 22nd day of September 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm filed under Supreme Court Rule 25(a), and the Superior Court record,[1] it appears to the Court that:

(1)　The appellant, Michael J. Pasquale, filed this appeal from the Superior Court's December 12, 2013 denial of his motion for correction of illegal sentence and related motions. The appellee, State of Delaware, has filed a motion to affirm

---

[1] The Court has not considered Pasquale's "motion for permission to respond to State's motion to affirm under extraordinary circumstances." Under Rule 25(a), a response to a motion to affirm is not permitted unless it is requested by the Court.

the Superior Court judgment on the ground that it is manifest on the face of Pasquale's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that Pasquale pled guilty on November 11, 2011, to Driving under the Influence, seventh offense or more (hereinafter "DUI 7+") based on nine prior convictions for DUI-related offenses. The transcript of the plea hearing reflects that Pasquale understood that he was pleading guilty to DUI 7+, and that the penalty for that offense was up to fifteen years incarceration.[2] On March 9, 2012, the Superior Court sentenced Pasquale to ten years at Level V suspended after six years for four years at Level IV suspended after six months for eighteen months at Level III probation.

(3) In April 2012, Pasquale filed two *pro se* motions and one letter seeking a reduction of his sentence. In June 2012, Pasquale, with the assistance of counsel, filed a motion for modification of sentence. The Superior Court denied the motion by order dated November 20, 2012. Pasquale did not appeal the decision.

(4) On March 21, 2013, Pasquale filed a *pro se* "motion for reconsideration of motion for sentence modification (correction)." By order dated March 28, 2013, the Superior Court denied the motion as time-barred and

---

[2] *See* 21 Del. C. § 4177(d)(7) (2011) (providing that a person convicted of DUI "[f]or a seventh offense occurring any time after 6 prior offenses, or for any subsequent offense" is guilty of a class C felony, and shall be "imprisoned not less than 10 years nor greater than 15 years").

2

repetitive.  Again, Pasquale did not appeal.  Instead, in April 2013 he continued filing *pro se* letters seeking relief from his sentence, which the Superior Court denied by order dated July 30, 2013.  When Pasquale continued seeking relief in letters that became increasingly vitriolic, the Superior Court admonished him in a hearing held on September 12, 2013, and told him that the letters were inappropriate and must stop.

(5)    Undaunted, Pasquale began filing motions seeking relief from his sentence and related motions seeking, among other things, the appointment of counsel, the preparation of transcript at State expense, and to amend prior motions.  Pasquale also filed a petition for a writ of habeas corpus.  By order dated November 18, 2013, the Superior Court denied the petition.  Pasquale did not appeal.

(6)    By order dated December 12, 2013, the Superior Court denied Pasquale's serially-filed motions for relief from sentence, for appointment of counsel, for correction of illegal sentence, for amendment of correction of illegal sentence motion, for change of judge, for expedited correction of illegal sentence motion, and for status of correction of illegal sentence motion.  The court further ruled:

> [Pasquale's] relentless and meritless filings are wasting judicial resources.  If [Pasquale] continues to abuse the judicial process with frivolous filings, he will be enjoined from filing any future claims concerning his ninth DUI

3

without first seeking leave of Court. [Pasquale] refuses to accept the fact that he knowingly, intelligently pled guilty and that his sentence is lawful.[3]

This appeal followed.

(7) On appeal, Pasquale claims that his sentence is illegal, his guilty plea was involuntary, his defense counsel was ineffective, the prosecutor breached the plea agreement, and the judge imposed the sentence with a "closed mind." To evaluate Pasquale's claims, the Court, in its discretion, requested that the Superior Court prepare and file transcripts of Pasquale's November 11, 2011 guilty plea, March 9, 2012 sentencing, and the September 12, 2013 hearing. Having considered the parties' positions on appeal and the Superior Court record as supplemented, the Court has concluded that the Superior Court's December 12, 2013 order should be affirmed.

(8) It is well-established that a sentence is illegal if it exceeds the statutory limits, violates double jeopardy, is ambiguous or inconsistent, or omits a required term.[4] On appeal, Pasquale claims that his sentence is illegal for all of those reasons and more. He also claims that his guilty plea was involuntary, his defense counsel was ineffective, and the prosecutor breached the plea agreement. All of Pasquale's claims are belied by the record, however, which reflects that

---

[3] *See State v. Pasquale*, Del. Super., Cr. ID No. 1012012086, (Dec. 12, 2013) (order) (citing 10 *Del. C.* § 8803(e) and *Smith v. State*, 2009 WL 2888258, at *1 (Del. Sept. 10, 2009)).

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

4

Pasquale voluntarily pled guilty to DUI 7+ on November 11, 2011, and was sentenced appropriately and legally on March 9, 2012.

(9)    Pasquale next claims that the Superior Court judge who imposed the sentence on March 9, 2012, did so with a closed mind, as evidenced by remarks made by the judge at the September 12, 2013 hearing.  Pasquale's claim that the judge imposed the sentence with a closed mind is without merit.  "A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant."[5]  In this case, the sentencing transcript reflects that the judge considered both aggravating and mitigating factors in Pasquale's case and gave Pasquale an opportunity to address the court before imposing the sentence.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[5] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

5